IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02330–WYD–KMT

SUN S. KANG,

    Plaintiff,

v.

FIRST DATA CORPORATION,

    Defendant.

## ORDER

This matter is before the court on Defendant's "Motion for Leave to Amend Answer and Affirmative Defenses." (Doc. No. 6, filed Oct. 10, 2011.) In its Motion, Defendant seeks leave to amend its answer to add a number of affirmative defenses.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

This case is in its infancy. Indeed, the court has not yet entered a Scheduling Order, pursuant to Fed. R. Civ. P. 16(b), setting a deadline for amending the pleadings and joining parties. Accordingly, the court finds that Defendant's Motion is timely.

The court also notes that it directed Plaintiff to file a response to Defendant's Motion no later than October 19, 2011. Based on Plaintiff's failure to file a response on or before that date, as well as the court's independent review of the proposed Amended Answer and Affirmative Defenses (Doc. No. 6-4), the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

ORDERED that Defendant's "Motion for Leave for Leave to Amend Answer and Affirmative Defenses" (Doc. No. 6) is GRANTED. The Clerk of Court shall file Defendant's

Amended Answer and Affirmative Defenses (Doc. No. 6-4).

Dated this 14th day of November, 2011.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge